Welch, J.
The whole case is a question of the construction and effect of this instrument. Does it reserve or create a lien upon the premises for the sums of money therein denominated “ rents and charges?” We have no hesitation in holding that it does. Such, we think, is its plain legal import, ^whether regarded as a deed of conveyance, or, as counsel for plaintiffs claim it to be, a mere “ lease.”
Both on reason and authority, a lien for the rent always exists where the lease provides for a right of re-entry—that is, the right, upon non-payment of rent, to avoid the lease, and repossess the premises demised. The greater right, to take the whole estate, ought to be held to include the less right, to take enough of it to pay the rents.
Properly speaking, however, this is no “ lease.” A term of years, and a reversion, seem indispensable to the idea of a lease. If this is a lease, it is also much more. It is a deed of conveyance in fee, subject to-a condition of defeasance. Its legal effect is to pass to the grantee an estate in fee simple, subject to be defeated by the nonpayment of annuities, denominated in the instrument “ rents and charges.” The truth is—and it is impossible to shut our eyes to the fact—that the real transaction was a sale of the premises for $2,400, with a right to defer the payment of the principal sum, so long as the interest thereon should be paid quarter-yearly; and a conveyance of the premises upon condition to be void in case of non-payment. In other words, the transaction was equivalent to a sale and conveyance, with a mortgage to secure the payment of the purchase-money, thereby creating a twofold lien in favor of the vendor— *443 the equitable lien for the purchase money, and the lien by virtue of the reservation in the deed.
But it is quite immaterial in which aspect we consider the deed. Yiewed in either of these characters—as a lease, with power to reenter for non-payment of rent; as a deed of conveyance, subject to the payment of money charges; or as a sale and conveyence, avoidable by the vendor upon non-payment of the purchase money—so far as the question of lien is concerned, the instrument has all the elements of a mortgage. It only differs from a mortgage in the fact, that the estate pledged for the debt is reserved, instead-of being conveyed, and in the consequent further fact, that it is wow-payment, instead of payment, which is to defeat the conveyance. In both, there is a condition in the nature of a forfeiture, which at law casts the whole estate upon the creditor,'whenever *it is broken. In both, there exists the equitable right to be x’elieved against the fox’feiture, by payment of the amount due, called the equity of redemption ; and iix both, there is the correlative right of the creditor to waive the forfeiture, go himself at once into equity, and subject the estate to the payment of his debt. Iix other words, the creditor has a lien on the thing pledged, just a pawnbroker or a carrier has a lien. This is the weakest form of the creditor’s right. It is his right in equity. At law, his x-ight is to hold the thiixg absolutely, in lieu of the debt. In equity, he can not do this, but he can hold it till payment is made. That is to say, he can hold it liable for the debt, which is nothing more or less than holdixxg a lien upon it.
And it is no answer to this equitable claim for a lien, to say that the forfeiture was not insisted upon at the time of default; that is, that no demand of payment was made, or re-entry effected. That is a good answer to the forfeiture, but it is no answer to the equitable lien. The law abhors forfeitures, and will never, therefore, deprive a party of his rights in equity because he waives a forfeiture. If good conscience require its waiver at all, the sooner it is waived the better. The failure to make demand and entry in this case, ixo more destroys the grantor’s right to subject the land to the payment of his just debt, than does the failure of a mortgagee to bring ejectment, when the mortgage has become absolute, destroy his right to foreclose the mortgage.
We see no error in the judgment of the court below, and it will therefore be affirmed.
Scott, C. J., and Day, White and Brinkerhoee, JJ., concurred.